William G. Easton, J.
This is a motion for a preliminary injunction to enjoin the defendants and each of them and each and every member thereof and all persons agreeing and combining with them, their respective officers, associates, confederates, employees, agents, representatives and servants, and all other persons whomsoever, known or unknown, to whom notice shall come, from:
(a) Maintaining pickets in front of, behind, or in the vicinity of the premises of the plaintiff’s place of business;
(b) From engaging in any and all unlawful acts and from interfering in any way with the plaintiff’s business or with anyone else connected with the plaintiff’s business;
(c) In any manner, interfering, directly or indirectly, with the plaintiff, its respective officers, directors and employees;
(d) Creating a false impression that a labor dispute exists between the plaintiff, the defendant union and/or plaintiff’s employees;
*162 (e) Stating that the plaintiff’s employees are on strike or that the plaintiff is unfair to organized labor;
(f) Forcing, coercing, intimidating or in any way exerting any pressure, economic or otherwise, on the plaintiff to recognize the defendant union as the collective bargaining agent of the plaintiff’s employees.
As part of the show cause order, Mr. Justice Macicen granted a preliminary stay pending the argument of this application.
The plaintiff is a proprietary nursing home providing nursing care for approximately 150 patients, many of whom are suffering from terminal illnesses and requiring continuous careful and intense care on an around-the-clock basis. The plaintiff employs more than 100 men and women who are engaged as porters, maids, nursing aides, etc. The principal defendant is a voluntary unincorporated association and/or labor union composed of men and women having the foregoing job classifications. The undisputed facts are as follows:
(1) On or about June 11, 1965 the defendant, John Litto, filed a petition with the State Labor Relations Board for an election, and thereafter on or about June 21, 1965, the parties herein and their attorneys held an informal conference with the regional attorney for the NYSLRB. The State Board has not rejected the petition but subsequent to the oral argument of this motion, to wit, on July 27, 1965, has scheduled a hearing for August 10, 1965 pursuant to subdivision 3 of section 705 of the Labor Law;
(2) While the matter was pending before the State Board it was brought to the attention of the NLRB. On July 9, 1965 the NLRB dismissed a petition for investigation and certification of the representatives and declined jurisdiction of the matter;
(3) In the meantime and specifically because of the plaintiff’s refusal to consent to an election the union called a strike on July 21, 1965 which in the defendants’ answering affidavit is characterized as follows: (p. 7) “ This strike was called for the purpose of recognition ”;
(4) This is not organizational picketing nor is it the result of a labor dispute involving wages, hours, conditions of employment or the like but rather it is a recognitional strike called for the sole purpose of placing economic pressure on the plaintiff to compel its recognition of the union as bargaining agent;
(5) While a number of the plaintiff’s employees were acknowledged members of the union, only 14 of them failed to report to work. If this condition continues to an increasing degree irreparable harm and injury may result not only to the plaintiff’s *163 economic situation but to the welfare of the patients in the nursing home.
Since this is an acknowledged recognitional strike it is illegal and must be enjoined until the determination of the facts upon the trial, or until an election is held. (Goodwins, Inc. v. Hagedorn, 303 N. Y. 300 [1951]; Plastic Calendering Corp. v. Spilberg, 121 N. Y. S. 2d 297 [1953]; Trading Port v. Robilotto, 8 Misc 2d 343 [1957].) The union has a legal and orderly remedy which has already been instituted by the petition to the State Labor Relations Board for an election and to obtain certification. The State Board has already recognized and acted upon the defendants’ petition to the extent of having had a preliminary conference and having called a hearing to be held as aforesaid on August 10, 1965. If and when an election is held the union will either gain or be denied recognition as the collective bargaining agent. The defendants must await the outcome based upon that established legal procedure.
The record does not indicate that the plaintiff’s refusal to consent to an election has been brought to the attention of the State Labor Relations Board as constituting an unfair labor practice. If the defendants believe that the plaintiff’s refusal to co-operate constitutes such an unfair labor practice there are adequate remedies available to the defendants under the Labor Law and it is not necessary nor proper for the defendants to institute a strike. Furthermore, as has been previously stated the strike was aimed at forcing the plaintiff to recognize the union.
The defendants rely upon the decision of Paterson Motors v. Snyder (138 N. Y. S. 2d 84 [1954]) in support of their contention that the strike may not be enjoined. In that case one of the uncontradicted facts was that 10 out of the 12 affected employees belonged to the union and the remaining 2 had left the plaintiff’s, employ. Here the plaintiff denies that a majority of the employees belonged to the union and it is admitted by the defendants that only a small number of the employees were involved in the strike. In the case cited the employer had clear and convincing evidence that the union represented a majority of the employees. Here there is a doubtful question of fact to be determined upon trial or at an election. Furthermore, under present law the court in Paterson Motors (supra) would have been divested of jurisdiction since the matter was pending before the NLRB. (San Diego Unions v. Garmon, 359 U. S. 236; Dooley v. Anton, 8 N Y 2d 91 [1960]; Incres S. S. Co. v. International Mar. Workers Union, 10 N Y 2d 219 [1961].) *164 Here there is no question but that the State law applies to the facts in dispute.
The motion is granted, on condition that the injunctive provisions of the order shall terminate on September 15, .1965, or sooner, if and when the defendants win an election. The plaintiff shall file and serve an appropriate note of issue for the September 1965 Trial Term in Monroe County within three days after issue is joined. Upon the filing of the note of issue this matter shall be given a preference for trial at the September 1965 Trial Term in Monroe County.